PORTER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 13, 1898.)

No. 725.

1. NATIONAL BANKS—EMBEZZLEMENT BY OFFICER—INDICTMENT.
    In an indictment against an officer of a national bank for embezzlement, under Rev. St. § 5209, an averment that the money embezzled was lawful legal tender money of the United States is surplusage, and need not be proved.

2. CRIMINAL LAW—CONSOLIDATION OF INDICTMENTS.
    Where several indictments are consolidated for the purpose of trial, they are to be considered as one indictment containing several counts, and a general verdict of guilty will be sustained, if any one of the indictments is good, provided the sentence does not exceed the punishment which could be imposed on such indictment.

3. SAME—LIMITATION OF PROSECUTION—FLEEING FROM JUSTICE.
    To constitute a fleeing from justice, within the meaning of Rev. St. § 1045, which will suspend the running of limitation against an indictment for an offense, it is not necessary that the accused shall have been found within the jurisdiction of another court.

4. SAME—REVIEW BY CIRCUIT COURT OF APPEALS.
    The circuit court of appeals, in a criminal case, can review no error which is not shown by a bill of exceptions or apparent on the face of the record.

In Error to the District Court of the United States for the Western District of Texas.

W. S. Porter, the plaintiff in error, was tried in the United States district court for the Western district of Texas upon three indictments, numbered 1,148, 1,174, and 1,175, which had been consolidated and were tried together.

The indictments are drawn under section 5209 of the United States Revised Statutes, and charge the plaintiff in error with having embezzled certain moneys of the First National Bank of Austin, Tex., while being the teller and agent of that bank. The indictment numbered 1,148 was filed February 10, 1896. It charges that Porter embezzled, on November 12, 1895, "certain moneys and funds of the banking association, to wit, the sum of two hundred and ninety-nine dollars and sixty cents ($299.60), in lawful legal tender money of the United States of America, of the value of $299.60, a more particular description of the kind and character of said moneys and funds being to the grand jury unknown." The indictment numbered 1,174 was filed February 15, 1898. It charges that Porter embezzled, on October 10, 1894, certain moneys of the banking association, amounting to the sum and value of $554.48, "a more particular description of said moneys being to the grand jurors unknown." This indictment further charges "that between the days of the sixth (6th) of July, A. D. 1896, and the fifth (5th) of February, A. D. 1897, the aforesaid W. S. Porter was a fugitive, and fleeing from justice, to avoid a prosecution in this court for the offense hereinbefore set out." The indictment numbered 1,175 was filed February 15, 1898. It charges that Porter embezzled, on November 12, 1894, certain of the funds of the banking association, amounting to the sum and value of $299.60, "a more particular description of said funds being to the grand jury unknown." In indictment No. 1,175, as in indictment No. 1,174, it is charged that between the 6th day of July, 1896, and the 5th day of February, 1897, Porter was a fugitive, and fleeing from justice, and seeking to avoid a prosecution in said court for the offense set out in indictment No. 1,175. By one general verdict, the jury found Porter guilty as charged in the three consolidated indictments, and he was subsequently sentenced to five years' imprisonment in the Ohio State Penitentiary.

Substantially, the errors assigned are as follows: (1) That the court refused to direct an acquittal as to indictments Nos. 1,174 and 1,175, on the ground that the offenses charged therein are shown on the face of the indictments to have been committed more than three years before the finding of the indictments, and that the same are therefore barred by limitation, because the testimony of the government failed to show that the defendant had, since the alleged commission of the offenses, been a fugitive from justice, as defined by the constitution and laws of the United States. (2) That the court refused to direct an acquittal as to indictment No. 1,148 on the ground that the government elected to charge in that indictment that Porter had embezzled $299.60, lawful legal tender money of the United States, and the government had failed to offer any proof of the embezzlement of any lawful tender money. (3) That the court refused to give a special charge to the effect that the government had failed to prove the embezzlement of $299.60, lawful legal tender money of the United States, the case of the government had failed, and the jury should acquit Porter as to indictment No. 1,148. (4) That the court refused to charge, as to indictments Nos. 1,174 and 1,175, that as the government had failed to show that Porter had at any time been a fugitive from justice since the alleged commission of the offenses charged in said indictments, as defined by the constitution and laws of the United States, said indictments are barred by the three-years statutes of limitations, and the jury should find Porter not guilty. (5) That the court refused to give a special charge, in causes Nos. 1,174 and 1,175, defining the meaning of "fugitive from justice," as those words are used in the United States statutes of limitation with reference to criminal offenses. (6) That the court overruled the motion for a new trial. (7) That the court entered a judgment of conviction upon the three indictments as consolidated.

R. H. Ward and A. S. James, for plaintiff in error.

J. Ward Gurley, for the United States.

Before PARDEE, Circuit Judge, and SWAYNE and PARLANGE, District Judges.

PARLANGE, District Judge (after stating the facts). The plaintiff in error complains that the trial judge refused to give four special charges which he requested. He further complains that the court overruled his motion for a new trial, and entered a judgment of conviction against him upon three indictments as consolidated. There are two bills of exception in the cause. They contain no matter other than the four special charges refused by the trial court and the testimony on the question of fleeing from justice.

The first charge set out in the bills of exception requested the court to direct the acquittal of the defendant as to indictment No. 1,148, on the ground that "the government had failed to offer any proof that the defendant had ever embezzled any lawful legal tender money of the United States from the First National Bank of Austin as alleged in the indictment." We fail to see how the plaintiff in error was prejudiced by this failure of proof. The averment was a matter of surplusage. Besides, indictment No. 1,175, which is not open to the charge which the plaintiff in error makes against indictment No. 1,148, is, as the counsel for plaintiff in error state in their brief, for the same offense as that charged in indictment No. 1,148. There was a general verdict on the three consolidated indictments, and the sentence was the minimum which could have been imposed under any one of the three indictments. These three indictments, after consolidation, are to be considered as one indictment, containing three counts. It is

well settled that, after a general verdict convicting a defendant on several counts, the verdict will be sustained, if any one of the counts is good, provided the sentence does not exceed the punishment which could be imposed on the good count.

The second charge set out in the bills of exception requested the court to direct an acquittal in causes Nos. 1,174 and 1,175, "upon the ground that said indictments show on their faces that they were found more than three years after the alleged commission of the offenses charged therein; that said offenses were therefore barred by limitation under the laws of the United States." It is plain that this charge was properly refused, as indictments Nos. 1,174 and 1,175 contained the averment that the defendant had fled from justice. The defendant then requested the court to instruct the jury, in causes Nos. 1,174 and 1,175, "that the offenses charged in each of said indictments were barred by the statute of limitations, because the government had failed to offer any competent testimony to establish the fact that defendant, W. S. Porter, had been a fugitive from justice under the constitution and laws of the United States." This charge was correctly refused, because the evidence on the question of flight from justice, which is contained in one of the bills of exception, was matter which it was proper to leave to the jury.

In connection with the charge just stated, the defendant requested the court to charge the jury "that, to be a 'fugitive from justice,' in the sense that the indictments in said two causes charged, it is not necessary that the party should have left the United States, where the crime is alleged to have been committed, before indictment found, or for the purpose of avoiding a prosecution anticipated or begun, but simply that, having within a state committed that which is by law a crime, when he is sought to be subjected to its processes, he has left its jurisdiction, and is found in the territory of another state." This charge is evidently an almost literal excerpt from the opinion of the supreme court in Roberts v. Reilly, 116 U. S. 80–97, 6 Sup. Ct. 291, which was a case dealing with the question of interstate extradition. The charge, if it had been given to the jury in this case, would have had the effect of instructing them that, to constitute "fleeing from justice," in the sense in which those words are used in section 1045, Rev. St. U. S., the alleged offender must be found in another jurisdiction. This, of course, is not the law. In Streep v. U. S., 160 U. S. 128, 16 Sup. Ct. 244, it was said that "it is quite clear that any person who takes himself out of the jurisdiction, with the intention of avoiding being brought to justice for a particular offense, can have no benefit of the limitation." It is perfectly clear that while, in matters of interstate extradition, no case can arise until the alleged offender is found, a totally different question is presented under section 1045, Rev. St. U. S. The counsel for the plaintiff in error seem to have proceeded upon the false theory that, to constitute fleeing from justice, under section 1045, Id., a person must not only have left the jurisdiction of the court for the purpose of avoiding a prosecution, but that he must besides be found within the territory of

another court. It is evident that the charge last mentioned was properly refused.

We find it stated in the brief of counsel for plaintiff in error that the trial judge refused to submit to the jury the question whether the plaintiff in error had fled from justice. If this statement were sustained by the record, a serious question would be presented; but we find nothing in the bills of exception to sustain the statement. The counsel for the defendant did not proceed upon the view that the question of flight was one for the jury, but upon the theory that the defendant was entitled to have the jury instructed that the government had failed to prove that he had fled from justice, and that therefore the jury must acquit as to indictments Nos. 1,174 and 1,175. This court, in a criminal case, can review no error which is not preserved by a bill of exception, or which is not apparent on the face of the record. The record in this case shows no error apparent upon its face, and all the matter contained in the bills of exception is without merit. An entirely different case would be presented if the plaintiff in error had requested the trial judge to submit the question of flight to the jury, and if, upon the judge's refusal to do so, the point had been duly preserved for review by us. The judgment of the lower court is affirmed.