## BIDDLE, Warden, v. ASHER.

### (Circuit Court of Appeals, Eighth Circuit. January 31, 1924.)

### No. 6234.

**Pardon ⬤▬14—Period of sentence subsequent to breaking of parole not part of term of sentence.**

> That part of the period for which a convict was sentenced subsequent to breaking of parole does not constitute a part of his term of sentence, since the status of a convict after he has broken parole is that of an escaped convict.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Habeas corpus proceeding by Leonard W. Asher against W. I. Biddle, as Warden of the United States Penitentiary at Leavenworth, Kan. From an order discharging the petitioner, the Warden appeals. Reversed.

Alton H. Skinner, Asst. U. S. Atty., of Kansas City, Kan. (Al. F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for appellant.

Before KENYON, Circuit Judge, and TRIEBER and MUNGER, District Judges.

TRIEBER, District Judge. This is an appeal from an order of the District Court discharging the appellee on a writ of habeas corpus from imprisonment in the United States Penitentiary, at Leavenworth, Kan.

The facts were that the appellee was sentenced upon a conviction in the United States District Court for the District of Utah to imprisonment for three years at that prison, and was received at that institution December 20, 1915. On June 13, 1917, upon his application and under the statutes and rules governing such matters, he was duly paroled and released from the penitentiary on June 15, 1917, and permitted to go to Cheyenne, Wyo., to remain within the limits of the state of Wyoming until April 2, 1921, or until other action may be taken by the board of parole. The certificate of parole also provided that it "is granted upon condition that the said Leonard W. Asher has agreed to observe and perform all and singular rules and covenants shown hereon, all of which are hereby made and agreed to be conditions precedent to his release." The usual statement of conditions is printed on the certificate of parole.

In addition to the conditions printed on the certificate of parole, the parole board, as authorized by law, established certain rules and regulations for its procedure, which were approved by the Attorney General of the United States. Among the rules so adopted by said parole board is rule No. 21, which reads as follows:

> "While on parole, the prisoner must not go outside of the state where he is employed, except upon written permission granted by the president of the board of parole, who shall report all such permits granted, so that they may be entered of record by the clerk of the board. Should the paroled prisoner

---

⬤▬For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

leave the state where he is employed without first obtaining the requisite permission, he will be considered a fugitive from justice and will be arrested and returned to the penitentiary."

The response of the warden, appellant herein, alleges that:

"Your respondent further alleges that on or about the 24th day of October, 1917, the then warden of the said United States Penitentiary at Leavenworth, Kan., received reliable information from Samuel L. Asher, the first friend and advisor of the petitioner herein, that the petitioner had violated his parole and had left the state of Wyoming, where he was employed, without first obtaining the requisite permission; and the said warden on said date issued a warrant to the United States marshal at Portland, Or., at which place the warden was informed the prisoner was at that time, authorizing said marshal to execute the same for the retaking of said prisoner, and the said warden did report said matter to the parole board at its first meeting thereafter.

"Respondent further alleges that on the 17th day of February, 1921, and at a special meeting of the board of parole of said penitentiary, an order was made and entered upon the said minutes of said board of parole, revoking the parole which had been previously given to said petitioner, a copy of the minutes of said board of parole in so far as they relate to this petitioner in said matter, are hereto attached, marked Exhibit C and made a part hereof. Your respondent further alleges that, upon the warrant issued by the former warden of the said penitentiary, the petitioner was apprehended and returned to said penitentiary on November 14, 1921, for the purpose of serving the remainder of his sentence under the original commitment."

The learned trial judge, considering himself concluded by the decision of this court in Anderson, Warden, v. Williams, Corall, and Wikes, 279 Fed. 822, discharged the appellee from further imprisonment, as it was held in that case:

"The parole cannot be revoked after expiration of term of sentence served partly in prison and partly on parole."

The Supreme Court, considering the question of law involved of great importance, granted a writ of certiorari on the application of the warden. 259 U. S. 579, 42 Sup. Ct. 590, 66 L. Ed. 1073. Since the decision of the court below in this case, the Supreme Court decided the case sub nom. Anderson, Warden, v. Corall, 263 U. S. 193, 44 Sup. Ct. 43, 68 L. Ed. —— (opinion filed November 12, 1923), reversing the decision of this court, holding that:

"The parole authorized by the statute does not suspend service or operate to shorten the term. * * * Corall's violation of the parole, evidenced by the warden's warrant and his conviction, sentence to and confinement in the Joliet penitentiary, interrupted his service under the sentence here in question, and was in legal effect on the same plane as an escape from the custody and control of the warden. His status and rights were analogous to those of an escaped convict. * * * The term of his sentence had not expired in October, 1916, when, at Chicago, he was convicted of another crime and sentenced to the Joliet penitentiary. * * * His claim that his term expired in 1917 before he was retaken and while he was serving sentence at Joliet cannot be sustained, and we hold that it had not expired in January, 1920, at the time of the action of the board."

Upon authority of this decision, the judgment of the court below, granting the writ of habeas corpus and discharging him from custody, is reversed.