## FEREBEE v. UNITED STATES.

### (Circuit Court of Appeals, Fourth Circuit. February 16, 1924.)

### No. 2174.

1. **Army and navy ☞20—Evidence held to warrant finding accused concealed self to evade arrest.**

   In a prosecution for failing to register for military service, evidence *held* sufficient to warrant a finding that accused had left his usual place of abode and had concealed himself for purpose of evading arrest.

2. **Criminal law ☞153—Departure from usual place of abode and concealment within district held "fleeing from justice."**

   To constitute "fleeing from justice," within Rev. St. § 1045 (Comp. St. § 1709), which will suspend the running of the three-year limitation against an indictment for an offense under Rev. St. § 1044, as amended by Act April 13, 1876 (Comp. St. § 1708), it is not necessary that accused shall have departed from the jurisdiction of the District Court, but departure from his usual place of abode and concealment within the district is sufficient.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Flee from Justice.]

3. **Army and navy ☞20—Indictment and information ☞119—Allegation of information that accused absented himself from jurisdiction of District Court held unnecessary and surplusage.**

   In an information for failure to register for military service an allegation that accused had absented himself from the jurisdiction of the District Court was mere surplusage, since an information need not charge that accused did nothing to suspend the running of the three-year limitation and could be disregarded; a fleeing from justice being no part of the offense.

4. **Criminal law ☞599—Accused should ask for delay, if surprised by evidence.**

   Where information for failure to register for military service charged that accused had absented himself from the jurisdiction of the District Court, but evidence merely showed that he concealed himself to evade arrest, but did not show that he left the jurisdiction, *held* that, if accused was surprised by the evidence, he should have asked for delay to meet it.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Willie Ferebee was convicted for failure to register for military service on June 5, 1917, and he brings error. Affirmed.

Harry K. Wolcott, of Norfolk, Va., and J. T. Lawless, of Chicago, Ill., for plaintiff in error.

Alvah H. Martin, Jr., Asst. U. S. Atty., of Norfolk, Va. (Paul W. Kear, U. S. Atty., of Norfolk, Va., on the brief), for the United States.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. [1, 2] The plaintiff in error, defendant below and so spoken of here, was admittedly properly convicted for failing on June 5, 1917, to register for military service, unless the prosecution against him was barred by the limitation of three years declared by R. S. § 1044, as amended April 13, 1876 (19 Stat. 32 [U. S. Comp. St. § 1708]), as it was if the defendant was not one fleeing from justice, within the meaning of R. S. § 1045 (U. S. Comp. St. § 1709). The government offered evidence that it had diligently tried to find him and had failed. His parents' house, at which he had resided until about the date of registration, was searched on more than one occasion. Inquiry· was made of those living in it and of the neighbors. Mail coming to it had been subject to espionage, but no trace of him or his whereabouts could be discovered. For the defense certain witnesses testified to seeing him on one or two occasions during the legally important period on the streets of a city some miles from his previous home, and one witness thought he had seen him at or near his parents' dwelling place; but there is no attempt to show where he had lived or what he had been doing during the more than three years immediately succeeding June 5, 1917. In this state of the record, fair-minded men might have been satisfied beyond reasonable doubt that the defendant had fled, if fleeing means nothing more than leaving his usual place of abode and concealing himself for the purpose of evading arrest.

Defendant's counsel, however, urges, first, that the flight which will prevent the running of the statute must be to some place out of the jurisdiction of the court in which the prosecution is instituted, and that they say is to some place beyond the district; and, second, even if this is not necessarily so, still the government, by specifically charging in the information that he had absented himself from the jurisdiction of the District Court of the United States for the Eastern District of Virginia, assumed the burden of proving that he had left the district and remained out of it. Admittedly there is nothing in the record to show that he did go out of the district; from anything there appearing, he may have hidden himself within it, and very probably did. It is sufficient answer to the first of the defendant's contentions that it is not sustained by either the words of the statute or its reason and is without support in the decided cases. Porter v. U. S., 91 Fed. 494, 33 C. C. A. 652; State v. Miller, 188 Mo. 370, 87 S. W. 484; Lay v. State, 42 Ark. 105; 16 C. J. 291. It is wide of the mark that many cases, mostly of interstate extradition, have held that one is a fugitive from justice who, after committing the offense in one state, is found in another. A departure from his usual place of abode and the concealing of himself within the district is equally within the meaning of the statute.

[3] There is more of appeal in the second reason assigned by the defendant why the judgment below should not stand, but under the decisions it would also appear to be unsustainable. The information need not have charged that the defendant had done anything to prevent the running of the statute. United States v. Cook, 17 Wall. 168,

21 L. Ed. 538. The allegation that he left the jurisdiction was therefore pure surplusage, and may be disregarded, in the absence of some showing that defendant was in some way prejudiced by it. In Porter v. U. S., supra, the defendant, an officer of a national bank, was charged with the embezzlement of "certain moneys and funds of the banking association, to wit, the sum of $299.60, in lawful legal tender money of the United States of America, of the value of $299.60." The government failed to offer any proof that the money embezzled by the defendant was lawful legal tender, but the Circuit Court of Appeals for the Fifth Circuit said:

"We fail to see how the plaintiff in error was prejudiced by this failure of proof. The averment was a matter of surplusage."

[4] If the defendant in the instant case was, in view of the language of the information, taken by surprise by the evidence offered by the government, he should have said so, and should have asked for such delay as might have enabled him to meet it. This he did not do. It must be borne in mind that the fleeing from justice was not part of the offense, and cases which say the government must prove the commission of the crime in the way which the indictment charges it to have been committed are not in point. The flight of a defendant merely deprives him of the benefit of the limitation to which he would otherwise be entitled.

We are unable to discover any reason why the judgment below should not be affirmed.