### UNITED STATES v. DOOLEY et al.

(District Court, E. D. New York. February 23, 1926.)

1. Banks and banking ⚖⟶288½, New, vol. 11A Key-No. Series—Indictment for defrauding and misapplying assets of national bank, not alleged to be federal reserve bank or member bank, insufficient (Rev. St. § 5209, as amended by Act Sept. 26, 1918 [Comp. St. Ann. Supp. 1919, § 9772]; Act Dec. 23, 1913 [Comp. St. §§ 9785–9805]).

Under Rev. St. § 5209, as amended by Act Sept. 26, 1918 (Comp. St. Ann. Supp. 1919, § 9772), indictment for defrauding and misapplying money and credits of a national bank, not alleged to be a federal reserve bank or member bank, is insufficient; national bank not being ipso facto a federal reserve bank or member bank under Act Dec. 23, 1913 (Comp. St. §§ 9785–9805).

2. Indictment and information ⚖⟶59.

It must judicially appear from indictment itself that an offense has been committed.

3. Criminal law ⚖⟶304(2).

District Court cannot take judicial notice that a particular national bank is a federal reserve bank or member bank.

4. Criminal law ⚖⟶153.

Statute of limitations does not run while accused is fugitive from justice.

Charles J. Dooley, impleaded with James E. Stiles, was indicted for defrauding and misapplying moneys and credits of a national bank, and demurred to the indictment. Demurrer sustained, and defendant discharged.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., and Guy O. Walser, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Louis J. Castellano, of Brooklyn, N. Y., for defendants.

MOSCOWITZ, District Judge. On November 9, 1922, the grand jury presented an indictment containing fifteen counts, which charged Charles J. Dooley, defendant, aided and abetted by one James E. Stiles, while cashier and director of the First National Bank of Rockville Center, a national banking association, created under the laws of the United States of America, with defrauding and misapplying certain moneys and credits of the said bank.

[1] The indictment is brought under section 5209 of the Revised Statutes, as amended by the Act of September 26, 1918, 40 Stat. 967 (Comp. St. Ann. Supp. 1919, § 9772). The defendant interposes a demurrer claiming that the indictment is insufficient for failure to state that the First National Bank of Rockville Center is a federal reserve bank or member bank.

Old section 5209, passed for the protection of national banks against the acts which it defined as crimes, was not in force at the time the alleged offenses of which Dooley was indicted are charged to have been committed. It was repealed by the Act of September 26, 1918. Shaw v. United States (C. C. A.) 292 F. 339.

The indictment at bar fails to allege an offense against the federal statute, unless under the Federal Reserve Act any national bank or banking institution is ipso facto a federal reserve bank or member bank. An examination of the federal reserve bank clearly shows the contrary.

The act establishing federal reserve banks (38 Stat. L. 251 [Comp. St. §§ 9785 to 9805]) provides that national banks were

required "to signify in writing within sixty days after the passage of this act its acceptance of the terms and provisions hereof." If a national bank omitted to signify such acceptance within 60 days, the federal reserve board in its discretion could give the bank 30 days' notice, at the end of which the bank ceased to act as a reserve agent. No other consequence of failure to signify acceptance is provided, except that the act further sets forth that, if a national bank within a year fails to become a member bank or to comply with any of the provisions of the act, its rights should be forfeited, but only by decree of the court. In the absence of action by the comptroller, the bank continued to be a national bank, although it did not become a federal reserve bank.

In Shaw v. United States, supra, the court, in passing upon the very point as in the case at bar, decided that an indictment brought under section 5209, as amended by the act of September 26, 1918, was defective, because it failed to allege that a national bank was a federal reserve bank or member bank. The court said: "They [meaning national banks] were not made members, nolens volens, and presumptions may not be indulged to cure material defects in criminal pleading."

If the indictment alleged that the First National Bank of Rockville Center were a federal reserve bank or member bank, then the offense charged to be committed would be in violation of section 5209. However, the allegation that it-was a national bank is insufficient, unless the indictment alleges that the bank is a federal reserve bank or member bank.

[2, 3] By the weight of authority, the rule is that from the indictment itself it must judicially appear that an offense has been committed. The court cannot take judicial notice that the First National Bank of Rockville Center is a federal reserve bank or member bank. Cohn v. U. S., 258 F. 355, 169 C. C. A. 371 (C. C. A. Second Circuit); U. S. v. Hess, 8 S. Ct. 571, 124 U. S. 483, 31 L. Ed. 516; U. S. v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588.

[4] The alleged offenses charged in the indictment commenced on July 7, 1920, and terminated April 8, 1922. If, as contended by the government, the defendant was a fugitive from justice, the statute of limitations does not apply (Ferebee v. U. S. [C. C. A.] 295 F. 850), and the district attorney may resubmit the case to the grand jury.

Demurrer sustained. Defendant discharged. Settle order on notice.