## CLARK v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
February 8, 1928.

No. 7654.

1. **Criminal law** ⊚⇒1030(1)—Where penitentiary sentence is imposed, vital error must be noticed by appellate court, though not properly presented.

Where a defendant was given a penitentiary sentence of five years, it is the duty of the appellate court to notice a vital error, though not properly presented.

2. **Criminal law** ⊚⇒323—Court cannot presume in criminal case that national bank is member of Federal Reserve System (Federal Reserve Act).

While Federal Reserve Act requires every national bank to become a member of the Federal Reserve System, under penalty of forfeiture of its charter at suit of the United States, a court cannot presume in a criminal case, in aid of pleading or proof, that a national bank is such member.

3. **Banks and banking** ⊚⇒288½—In prosecution for making false entries in books of national bank, it must be alleged and proved that bank was member of Federal Reserve System (12 USCA § 592).

In a prosecution, under Rev. St. § 5209, as amended (12 USCA § 592), for making false

entries in books of a national bank, it must be both alleged and proved that the bank was a member of the Federal Reserve System.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Criminal prosecution by the United States against Harold J. Clark. Judgment of conviction, and defendant brings error. Reversed and remanded.

Elmer L. Fulton, of Oklahoma City, Okl., for plaintiff in error.

William P. Kelley, Asst. U. S. Atty., of Oklahoma City, Okl. (Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before VAN VALKENBURGH, Circuit Judge, and REEVES and OTIS, District Judges.

REEVES, District Judge. Plaintiff in error, hereinafter designated as defendant, was convicted on three counts of an indictment which charged him with making false entries in the books of the Blackwell National Bank, Blackwell, Okl. The dates on which said false entries were alleged to have been made were as follows: That of the eighth count on September 19, 1923, and those of the ninth and eleventh counts on March 15, 1924.

The indictment charged: "Said bank being a national banking association theretofore duly organized and established, then and there existing, operating and doing a banking business at Blackwell, * * * under and by virtue of the laws of the United States of America, concerning and governing national banks, *and being then and there a member bank of the Federal Reserve Bank of the Tenth Federal Reserve District.*" (Italics are ours.) The foregoing allegations were in substance repeated in each of the counts under consideration.

At the trial of the case the government was able to establish the making of the false entries by the defendant. Moreover, the defendant, testifying in his own behalf, admitted such entries and that they were false. He undertook to excuse his acts by asserting that such false entries were made with the knowledge and acquiescence of other bank officials, and that it was done for the purpose of covering up small, but unexplained, shortages which he said inevitably occurred in the banking business. He denied that he had profited by the transaction, or that such entries were made for any other unlawful purpose. Previously he had been tried and acquitted on a charge of embezzlement on account of the shortages he had tried to conceal. In the trial of the embezzlement case, testimony had been adduced establishing the same facts proved in the instant case.

When the indictment in the case at bar was returned, defendant filed a plea in abatement, which was sustained by the trial court as to all the counts, save the three upon which he was convicted and one other, the seventh. On that count he was acquitted by the jury. He assigns several reasons why the judgment of conviction should be reversed. The chief one, though rather tardily pressed, is that the proof did not support the allegation of the indictment to the effect that the Blackwell National Bank was "a member bank of the Federal Reserve Bank" at the time the false entries were made. This question should be first considered, and, in view of the court's conclusions, it is not necessary to burden the opinion with the other assignments of error, though they have been weighed and found to be wholly without merit.

1. The record discloses that there was no proof of such membership in the Federal Reserve Bank. In fact, the parties admitted failure of proof at the oral argument. Defendant made the point in his motion for a new trial and in arrest of judgment, but he did not preserve it in his assignments of error.

[1] He was sentenced to five years in the federal prison on each of the three counts. The sentences, however, were made to run concurrently. Because of the punishment thus imposed and the jurisdictional question, it becomes the duty of the court to take notice of the error, if such it be, though not properly preserved. McNutt v. United States (C. C. A.) 267 F. 670. This is true, even though the offense be classed in the statute as a misdemeanor. It is judicially considered a felony. Sheridan v. United States (C. C. A.) 236 F. 305.

In considering a like point in a very similar case, Judge Lewis, speaking for this court in Shaw v. United States (C. C. A.) 292 F. 339, loc. cit. 342, said: "But, if the point was not properly raised, we think it our duty to consider it."

[2] 2. Section 592, title 12, United States Code (section 5209, Revised Statutes, as amended), is the section upon which the prosecution was founded. The inhibitions of the section are directed against "any officer, * * * or employee of any Federal Reserve Bank, or of any member bank * * * who makes any false entry in any book," etc.

The above provision would include member banks, whether such banks be organized under state or federal law.

The act establishing Federal Reserve Banks (12 USCA § 221 et seq.) is somewhat coercive with respect to national banking associations, and is designed to induce memberships in the Federal Reserve Bank; yet its provisions are not so compelling as to warrant the presumption of such membership.

In Shaw v. United States, supra, plaintiff in error was convicted, as in this case, on a charge of making false entries on the books of the Citizens' National Bank of Hot Springs. In that case, neither the indictment nor the evidence showed membership in the Federal Reserve Bank. For those reasons the case was reversed. Judge Lewis, in delivering the opinion of the court, among other things, said:

"The act establishing Federal Reserve Banks * * * requires that all national banking associations shall apply for membership, and it names the conditions on which they may come in as member banks, and it provides that those that do not come in may be dissolved only in a suit brought by the Comptroller for that purpose. They were not made members, nolens volens, and presumptions may not be indulged to cure material defects in criminal pleading. That act also permits banks organized under state laws to become member banks, and subjects them as members to federal jurisdiction."

Furthermore, the court reasoned: "If a like charge were made against an officer or agent of a state bank, an indispensable element of the charge to bring the offense within the jurisdiction of a federal court would be that it was a member of a Federal Reserve Bank. There being no statute defining the acts charged against the defendant to be criminal offenses on the ground only that he was an officer and agent of a national bank, we think it equally true that an indispensable element of the charge was that the national bank of which he was an officer and agent was at the time the acts were committed a Federal Reserve or member bank."

[3] The court further held that the omitted matter was a substantive element of the offense and could not be cured by the statute of jeofails. It would follow that the allegation of membership, being a substantive element of the offense, must be sustained by the proof. Otherwise, why require the averment? The District Court for the Eastern District of New York, in United States v. Dooley et al., 11 F.(2d) 428, which was similar to the case under consideration, declined to take judicial notice that a national bank was a Federal Reserve Bank, or member bank.

In view of the foregoing, the cause should be reversed and remanded. It is so ordered.