**COSSACK v. SWOPE, Warden.**

**No. 9475.**

Circuit Court of Appeals, Ninth Circuit.

Oct. 5, 1940.

Rehearing Denied Oct. 28, 1940.

Loeb L. Cossack, in pro. per.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Oliver Malm, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal in a habeas corpus proceeding from an order of court denying the appellant release from custody. Appellant is confined in the United States penitentiary at McNeil Island. He was convicted of the crime of assault with a dangerous weapon in the robbery of two banks. He was sentenced upon each of two indictments to twenty-five years' imprisonment, the sentences to run consecutively. The judgment of conviction was confirmed by this court in Cossack v. United States, 9 Cir., 82 F.2d 214.

Appellant's contention is that the indictments upon which he was tried and convicted do not state offenses of which the federal courts have jurisdiction. He contends that the federal statutes denounce armed robbery of a bank only where the bank is a member of the Federal Reserve System and that there is no allegation in the indictment that the bank robbed was a member of the Federal Reserve System. It is true that the indictment does not in terms charge that the bank involved was a member of the Federal Reserve System. The indictment alleges the robbery of a branch bank, "the 46th and Western office of the California Bank, which said bank was then and there organized and operating under the laws of the United States". The other indictment alleged the robbery of a branch bank, the Wilshire and Hauser Branch of the Citizens National Trust and Savings Bank of Los Angeles, "which said bank was then and there organized and operating under the laws of the United States".

Appellant was prosecuted under the provisions of 12 U.S.C.A. § 588b, which makes it a crime to rob a bank, the term "bank" being defined in the statute, 12 U.S.C.A. § 588a, as follows: "As used in section 588b of this title the term 'bank' includes any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States."

The appellee contends that the statute should be construed as applicable not only to members of the Federal Reserve System, but also to any other bank "organized or operating under the laws of the United States" and, consequently, contends that the indictment is amply sufficient in that the offense is charged in terms of the statute.

The appellant asserts that decision of this case depends upon the interpretation of the definition of "bank" in 12 U.S.C.A. § 588a. He states his contention in the lower court, and here, as follows: "In other words, the term 'bank' as used in that section (588a) refers to a bank which is a member of the Federal Reserve System and operating under the laws of the United States, rather than a bank which is a member of the Federal Reserve System or a bank organized or operating under the laws of the United States. The statute cannot possibly be construed to read in the disjunctive because if that were true, the statute would be saying that the term 'bank' includes two classes. Those that are member banks; and those that are organized or operating under the laws of the United States. Such an interpretation cannot hold in view of the law which outlaws those banks that are only organized or operating under the laws of the United States." (Citing, 12 U.S.C.A. § 501a.)

The appellant's contention is that all banks organized and operating under the laws of the United States are required by statute to become members of the Federal Reserve System, consequently, that there is only one kind of bank organized and operating under the laws of the United States, and that it is a bank which is a member of the Federal Reserve System. His contention does not involve the claim that the phrase "member bank of the Federal Reserve System" and "bank organized or operating under the laws of the United States" are synonymous because a state bank organized and operating under the laws of the state also may become a member of the Federal Reserve System (12 U.S.C.A. § 321; Shaw v. United States, 8 Cir., 292 F. 339, 343), but it does involve the proposition that the phrase "any * * banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States" is either surplusage, or merely limits the statutory definition to the members of the Federal Reserve System which were operating, as distinguished from those which were not operating. The appellant's assumption is that we cannot ascribe to the legislature an intent to describe a nonexistent type of bank, that is to say, a bank organized and existing under the laws of the United States which is not a member of the Federal Reserve System, but the cases cited by the appellant and upon which he largely predicates his argument that the bank involved must be a Federal Reserve bank arrive at that conclusion by holding that there may be banks organized and operating as national banks under the laws of the United States which have failed to comply with the statute requiring them to become members of the Federal Reserve System. 12 U.S.C.A. § 282. For instance, in the case of Shaw v. United States, 8 Cir., 292 F. 339, supra, it was held that an allegation of embezzlement of the funds of a Citizens National Bank of Hot Springs was not the equivalent of an allegation of embezzlement from a Federal Reserve bank or member bank because there might be national banks which had failed to apply for membership in the Federal Reserve System and which had not been dissolved by the court in a suit by the comptroller brought for that purpose.

The case of Clark v. United States, 8 Cir., 24 F.2d 696, followed and applied the earlier decision of Shaw v. United States, supra, holding on a direct appeal from the judgment of conviction that it was necessary to prove, as well as to allege, that the bank whose books had been falsified was a member of the Federal Reserve System.

These decisions were followed by the United States District Court for the Eastern District of New York in United States v. Dooley, 11 F.2d 428, holding that an allegation that the bank whose funds were embezzled was a national bank created under the laws of the United States was not the equivalent of an allegation that the

bank was a member of the Federal Reserve System because there were national banks which had not accepted membership in the Federal Reserve System.

The appellant's contention is therefore based upon the false assumption that all banks organized and operating under the·laws of the United States are necessarily members of the Federal Reserve System. In view of the fact that there have been at all times banks organized and operating under the laws of the United States which were not members of the Federal Reserve System and that Congress at any time might make provision for the organization and operation of banks not members of the Federal Reserve System, it is clear that the statute was intended to cover offenses against such banks regardless of whether or not they are members of the Federal Reserve System.

The allegation, of the indictment followed the language of the statute and was sufficient. Myers v. United States, 8 Cir., 15 F.2d 977; Blain v. United States, 8 Cir., 22 F.2d 393.

Order affirmed.