**UNITED STATES of America,
Appellee,**

v.

**Michael WAZNEY, Appellant.**

No. 75–2842.

United States Court of Appeals,
Ninth Circuit.

Feb. 2, 1976.

Terry Amdur, Deputy Federal Public Defender, Los Angeles, Cal., for appellant.

Michael E. White, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

## OPINION

Before ELY and GOODWIN, Circuit Judges, and PECKHAM,* District Judge.

ELY, Circuit Judge:

Wazney appeals his conviction under a six-count indictment charging that he forged the endorsements on certain United States Savings Bonds and then uttered those forged bonds, all in violation of 18 U.S.C. § 495. We affirm.

The offense for which appellant was convicted was committed on September 18th and 19th, 1969. In February, 1971, the District Attorney's office of a California county requested that the Federal Bureau of Investigation (FBI) seek a warrant against appellant for interstate flight to avoid prosecution on an unrelated charge. Pursuant to that warrant, the FBI engaged in an extensive investigation throughout the country in attempting to locate and apprehend appellant. In September, 1973, a warrant was issued for the arrest of appellant on the federal charges for which appellant now stands convicted. In an effort to apprehend appellant under this second warrant, the Secret Service conducted a further intensive investigation through personal interviews, record checks, and physical surveillance. In June, 1974, an attorney began a series of negotiations on behalf of appellant with the state District Attorney's office. These negotiations led to appellant's surrender to state authorities on March 7, 1975. Shortly thereafter appellant was ar-

raigned on the federal charges. At the arraignment appellant stated in response to a question by the magistrate that he had been aware, prior to his arrest, that there had been an outstanding warrant against him. The indictment on the forgery charge was issued on March 18, 1975.

Appellant filed a motion to dismiss the indictment on the ground that it had not been issued prior to the expiration of the 5-year statute of limitations. 18 U.S.C. § 3282. The motion was denied by the District Court, and the correctness of that ruling, vel non, is the problem for our resolution.

The prosecution contends that the statute of limitations does not apply to appellant because his conduct brings him within the terms of 18 U.S.C. § 3290, which provides: "No statute of limitations shall extend to any person fleeing from justice." We agree.

There is some disagreement among the Circuits as to the interpretation that should be given the statutory words, "fleeing from justice." The Courts of Appeal of the District of Columbia and Eighth Circuits have held that mere absence from the jurisdiction in which the offense occurred is enough to toll the statute of limitations. *King v. United States*, 144 F.2d 729, 731 (8th Cir.), *cert. denied*, 324 U.S. 854, 65 S.Ct. 711, 89 L.Ed. 1413 (1944); *McGowen v. United States*, 70 App.D.C. 268, 105 F.2d 791, *cert. denied*, 308 U.S. 552, 60 S.Ct. 98, 84 L.Ed. 464 (1939). On the other hand, the First, Second, and Fifth Circuits have held that intent to avoid arrest or prosecution must be proved before section 3290 will apply. *Jhirad v. Ferrandina*, 486 F.2d 442 (2d Cir. 1973); *Donnell v. United States*, 229 F.2d 560 (5th Cir. 1956); *Brouse v. United States*, 68 F.2d 294 (1st Cir. 1933); *Greene v. United States*, 154 F. 401 (5th Cir.), *cert. denied*, 207 U.S. 596, 28 S.Ct. 261, 52 L.Ed. 357 (1907); *Porter v. United States*, 91 F. 494 (5th Cir. 1898).

* Honorable Robert F. Peckham, United States District Judge, San Jose, California, sitting by designation.

We adopt the rule of the First, Second, and Fifth Circuits that, in order to establish that an accused was "fleeing from justice" within the meaning of section 3290, the prosecution must meet the burden of proving that the accused concealed himself with the intent to avoid arrest or prosecution. As commonly used, the word "fleeing" connotes the performance of some volitional act. *See Jhirad, supra,* 486 F.2d at 444. Moreover, it would not further the purposes of section 3290 to toll the statute of limitations when there has been no intent to avoid arrest or prosecution. The statute of limitations is made inapplicable whenever an accused flees from justice because the failure to prosecute is attributable to the unacceptable conduct of the accused. The accused should not be held responsible, however, for unintentional and innocent delays, such, for example, as one caused by an open move to a new residence where the accused is readily accessible to careful law enforcement officers. *See Donnell, supra,* 229 F.2d at 564. Finally, although the Supreme Court has never faced this issue squarely, it can be inferred from the Court's opinion in *Streep v. United States,* 160 U.S. 128, 16 S.Ct. 244, 40 L.Ed. 365 (1895), that intent to avoid prosecution is an essential element of "fleeing from justice." *See Jhirad, supra,* 486 F.2d at 455, and *Donnell, supra,* 229 F.2d at 562–63.

There is substantial evidence on the record before us to support the conclusion that appellant had the requisite intent to avoid arrest or prosecution. By his own admission, appellant was aware, prior to his arrest, of an outstanding warrant against him. Yet appellant continued to conceal himself. An extensive investigation by the authorities failed to locate appellant, and by engaging in negotiations with state officials through his attorney, appellant clearly made known his intent to remain hidden from the authorities until a satisfactory settlement of the state charges against him could be reached.[1] This knowledge by appellant that he was wanted by the police, coupled with his failure to submit to arrest, is enough to establish the requisite specific intent to avoid arrest or prosecution.

Appellant next contends that the evidence was insufficient to support a finding that he physically left the territorial jurisdiction of the District Court. Indeed, except for some multiple hearsay in one of the affidavits filed in opposition to appellant's motion to dismiss, there was no proof that appellant had ever left the area in which the crime was committed. Physical absence from the jurisdiction is not, however, essential to toll the statute of limitations under section 3290. It is enough that an accused leaves his usual place of abode and conceals himself for the purpose of avoiding arrest or prosecution. *Ferebee v. United States,* 295 F. 850 (4th Cir. 1924). *See United States v. Farrell,* 87 F.2d 957, 960 (8th Cir.), *cert. denied,* 302 U.S. 683, 58 S.Ct. 31, 82 L.Ed. 527 (1937). *But see Greene v. United States,* 154 F. 401, 411 (5th Cir.), *cert. denied,* 207 U.S. 596, 28 S.Ct. 261, 52 L.Ed. 357 (1907). In modern large and heavily populated districts it is almost as easy to avoid arrest or prosecution by concealing oneself within the district as by fleeing the district.

The record on this appeal clearly shows that appellant concealed himself for the purpose of avoiding arrest or prosecution. The exact location that appellant chose to conceal himself is of no importance since the effect would have been the same regardless of whether he had chosen to leave the jurisdiction or had remained within the territorial boundaries of the district in which the crime was committed.

We therefore hold that the indictment against appellant was not barred by the

---

1. Assuming that appellant was intentionally avoiding prosecution only for the period during which his attorney was negotiating with the district attorney's office, we conclude that, given the dates of appellant's offense and arrest, prosecution was timely.

statute of limitations. Thus, the motion to dismiss the indictment was properly denied.

Affirmed.