UNITED STATES of America, Appellee,

v.

Guadalupe BALLESTEROS–CORDOVA, Appellant.

No. 78–2078.

United States Court of Appeals, Ninth Circuit.

Nov. 30, 1978.

James E. Mueller, Asst. U. S. Atty. (argued), Tucson, Ariz., for appellant.

Frank R. Zapata, Asst. Federal Public Defender (argued), Tucson, Ariz., for appellee.

Before ANDERSON and HUG, Circuit Judges, and REAL *, District Judge.

PER CURIAM:

Defendant Ballesteros was convicted in a jury trial on a two-count indictment charging the importation of 414 pounds of marijuana in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), and possession with intent to distribute 414 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1). He appeals his conviction on two grounds. Ballesteros first contends that the statute of limitations had run prior to the issuance of the indictment. His second contention is that there was insufficient evidence of identification from which the jury could have found that he was the person involved in the crimes charged.

The incident which forms the basis of the indictment occurred on February 21, 1973 at the Douglas, Arizona port of entry from Mexico. United States customs officials testified that on the evening of that date a Mexican male driving a 1965 Ford automobile entered the port of entry, seeking entrance into the United States from Mexico. The driver appeared nervous and denied having a key to the trunk of his car. Inspector Donald Simpson obtained the driver's wallet and directed him into the secondary inspection area. At this time, customs agent Franklin Smith was notified by an informant that an automobile matching the description of the driver's car was loaded with contraband. Smith communicated this information to agent Charles Inman who began to escort the driver back to the primary inspection point. As they approached a "search booth", the suspect broke loose and ran back into Mexico. Inman gave chase, but was unable to overtake the fleeing man. The trunk of the automobile contained 414 pounds of marijuana.

In the wallet left behind by the suspect were a Mexican driver's license belonging to Ballesteros and a passport, each of which contained a photograph. The passport was destroyed in 1977 by the Immigration and Naturalization Service. Smith and Simpson testified that the photographs on the driver's license and passport were similar, if not identical. Smith, Simpson and Inman each testified that either during the inspection stop or shortly after the suspect fled, each of them studied one or both of the photographs and concluded that the fleeing suspect was the person pictured in the photographs.

Ballesteros was arrested at the border on March 3, 1978, more than five years later. An indictment charging him with possession and importation of marijuana was returned on March 7, 1978.

Ballesteros filed a motion to dismiss the indictment on the grounds that the five-

---

* Hon. Manuel L. Real, United States District Judge for the Central District of California, sitting by designation.

year statute of limitations had run. After an evidentiary hearing, the district court denied the motion to dismiss, finding that Ballesteros had been a fugitive from justice from February 29, 1973,[1] until his arrest in 1978, and that the statute of limitations was tolled during this period pursuant to 18 U.S.C. § 3290. The finding was based upon evidence produced at the hearing revealing the facts as above stated.

The evidence introduced at Ballesteros's trial was similar to that presented at the evidentiary hearing on the motion to dismiss the indictment. At trial, customs officials Inman, Smith and Simpson each identified Ballesteros as the driver of the marijuana-laden automobile. Each of these witnesses relied on his prior identification of the driver as the man pictured in one or both of the photographs; each made an in-court identification of Ballesteros as the man pictured in the driver's license photograph which was introduced in evidence. Ballesteros testified that his wallet had been stolen a few days before February 21, 1973, and that he was not the suspect who fled the port of entry on that date.

Ballesteros moved for a judgment of acquittal on the ground that the identification testimony was insufficient for the jury to reasonably find that Ballesteros was the person who imported the marijuana. The district court denied this motion. The jury returned a verdict of guilty as charged on both counts.

I.

Statute of Limitations

Title 18 U.S.C. § 3282 prohibits the prosecution of a defendant who is not indicted within five years after the commission of the crime. However, under 18 U.S.C. § 3290, this limitations period is tolled against "any person fleeing from justice".

The crime of which Ballesteros was convicted occurred on February 21, 1973. The

indictment was returned on March 7, 1978, five years and two weeks later. Unless the statute of limitations was tolled under 18 U.S.C. § 3290 for more than two weeks, the limitations period expired before the indictment was returned.

■ This circuit has taken the position that § 3290 requires the prosecution to prove that the accused concealed himself with the intent to avoid arrest or prosecution. *United States v. Wazney*, 529 F.2d 1287, 1288–89 (9th Cir. 1976). However, to meet this burden, the prosecution need only prove that the defendant knew that he was wanted by the police and that he failed to submit to arrest. *Id.* 1289.

■ The statute of limitations will be tolled whenever the suspect flees with the intent of avoiding prosecution, even if prosecution has not actually begun at the time of the flight. The Supreme Court stated in *Streep v. United States*, 160 U.S. 128, 133, 16 S.Ct. 244, 246, 40 L.Ed. 365 (1895), in construing the predecessor statute to § 3290:

> "In order to constitute a fleeing from justice, it is not necessary that the course of justice should have been put in operation by the presentment of an indictment by a grand jury, or by the filing of an information by the attorney for the government, or by the making of a complaint before a magistrate. It is sufficient that there is a flight with the intention of avoiding being prosecuted, whether a prosecution has or has not been actually begun."

At the hearing on the motion to dismiss the indictment, customs officials Simpson and Smith identified Ballesteros as the suspect who had fled the port of entry. These in-court identifications were apparently based on the recollection of each witness that he had previously identified the fleeing suspect as the person pictured in Ballesteros's driver's license.

1. Although the court states the date as being February 29, 1973, this is an obvious reference to the date of the occurrence at the border, which was February 21, 1973. This minor clerical error has no effect on the issues of this appeal.

Ballesteros testified that he was not the person who fled on February 21, 1973, and that he was not hiding from United States authorities after that date. He stated that his wallet and passport had been stolen on February 5, 1973, that he reported the loss of his passport to the port of entry on or about February 20, 1973, and that he was issued a temporary permit with which he entered the United States in 1974 to visit a doctor. The evidence is uncontroverted that Ballesteros was issued a new passport late in 1974.

The district judge declined to credit much of the testimony given by Ballesteros and resolved the conflicting evidence in favor of the prosecution. The judge implicitly found that Ballesteros was the man who fled from the port of entry. The judge concluded that Ballesteros's application for a new passport was prompted by his confidence in his ability to avoid arrest, rather than ignorance of the fact that he was wanted by United States authorities.

■ This court will not overturn the district court's findings of fact unless they are clearly erroneous. *United States v. Glover*, 514 F.2d 390, 391 (9th Cir. 1975), *cert. denied*, 423 U.S. 857, 96 S.Ct. 108, 46 L.Ed.2d 83 (1975). The district court's findings have ample support in the record and are not clearly erroneous.

■ Ballesteros's flight from customs officials on February 21, 1973 meets the statutory requirement of "fleeing from justice". Ballesteros's intent to avoid arrest or prosecution is easily inferred from the fact that he fled from authorities who were detaining him while investigating the possibility that he was importing contraband. It is immaterial that formal charges had not yet been filed against Ballesteros. See *Streep v. United States, supra*. The requirements of *United States v. Wazney, supra* are therefore met.

■ Ballesteros argues that his application for, and receipt of, a new passport in 1974 must be viewed as an open return to normal activities and a termination of his status as a fugitive. However, even if this view were accepted, the statute of limitations would still have been tolled for more than a year. The evidence easily supports a finding that Ballesteros was a fugitive from justice for more than two weeks. Thus, the district court was correct in denying the motion to dismiss.

## II.

### Sufficiency of the Evidence

Ballesteros assigns as error the district court's denial of his motion for acquittal at the close of presentation of evidence. He contends that there was insufficient evidence from which the jury could identify Ballesteros as the person who drove the marijuana-laden car into the port of entry on February 21, 1973.

■ This court must affirm the district court's denial of the motion for acquittal and uphold the verdict of the jury if, in viewing the evidence in the light most favorable to the government, there is relevant evidence from which the jury could reasonably find the defendant was guilty beyond a reasonable doubt. *United States v. Rojas*, 554 F.2d 938 (9th Cir. 1977); *United States v. Nelson*, 419 F.2d 1237 (9th Cir. 1969). In this case, the jury verdict is supported by essentially the same evidence which led the district court to conclude that the defendant was a fugitive from justice.

Evidence introduced at trial showed that customs officials Simpson and Inman each had a good opportunity to observe the suspect while he was stopped at the port of entry. Agent Smith testified he had a momentary view of the suspect's face just before the suspect broke loose and fled.

Inman and Smith testified that after the suspect fled, they studied the photographs on the suspect's passport and driver's license and concluded that the suspect was the person pictured in each photograph.

While the suspect was stopped in the primary inspection area, Simpson compared the suspect with the photograph on the passport and concluded that the suspect was the person pictured on the passport. Simpson and Smith testified that the photographs on the passport and driver's license were similar and that the same person was pictured on each.

At trial, Simpson, Inman and Smith each identified Ballesteros in court as the person pictured on the driver's license. Ballesteros admitted that the driver's license belonged to him. The appellant argues that these witnesses had no independent recollection of Ballesteros from the border incident five years before, from which they could make an in-court identification. However, the jury could reasonably have concluded from the testimony of these witnesses that (1) the man in the photograph was the man in the car who fled; (2) the defendant in court was the man in the photograph and therefore, (3) that the defendant in court was the man who fled.

The testimony of the three customs officials provides sufficient evidence from which the jury could rationally conclude that Ballesteros was the man who drove the marijuana-laden car into the port of entry on February 21, 1973.

The judgment is affirmed.

Hufstedler, Circuit Judge, filed a concurring and dissenting opinion in which Ely and Hug, Circuit Judges, concurred.