107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sami Fayez S. ABURAHMAH, Defendant-Appellant.
 No. 95-16374.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1996.*
Decided Jan. 28, 1997.
 
 1
 Before: O'SCANNLAIN, LEAVY, Circuit Judges, and HUFF**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Sami Fayez S. Aburahmah appeals the district court's denial of his 28 U.S.C. § 2255 petition for writ of habeas corpus alleging ineffective assistance of counsel. The court has jurisdiction under 28 U.S.C. section 1291. We affirm the district court's denial of appellant's § 2255 petition.
 
 
 4
 The Sixth Amendment grants a criminal defendant the right to effective assistance of counsel. Whether a defendant received ineffective assistance of counsel is a mixed question of law and fact that this court reviews de novo. United States v. Blaylock, 20 F.3d 1458, 1464-65 (9th Cir.1994). In this case, defense counsel's conduct did not amount to ineffective assistance of counsel under the relevant standard of review. Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 5
 Under Strickland, an appellant claiming ineffective assistance of counsel must first prove that there has been a deficient performance, and then demonstrate consequent prejudice. Id. at 687-88, 693-94; United States v. Davis, 36 F.3d 1424, 1433 (9th Cir.1994), cert. denied, --- U.S. ----, 116 S.Ct. 443 (1995).
 
 
 6
 To establish ineffective assistance of counsel, appellant must demonstrate that his counsel's performance was unreasonably deficient and that, but for counsel's errors, the result of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). The appellant must meanwhile overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [appellant] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). On review, we apply a deferential standard to counsel's strategic decisions so as to avoid the hindsight dissection of an unsuccessful defense. United States v. Appoloney, 761 F.2d 520, 525 (9th Cir.), cert. denied, 474 U.S. 949 (1985). Finally, appellant must demonstrate that prejudice resulted from the alleged errors of counsel. Prejudice is found where there is a "reasonable probability" that the outcome would have been altered. Strickland, 466 U.S. at 694. The Supreme Court defines a reasonable probability as "a probability sufficient to undermine confidence in the outcome." Id. See also United States v. Murray, 751 F.2d 1528, 1535 (9th Cir.), cert. denied, 474 U.S. 979 (1985); United States v. Schaflander, 743 F.2d 714, 717-718 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985).
 
 
 7
 Appellant has not established the elements of deficient performance or resulting prejudice. First, appellant challenges his counsel's failure to move for a dismissal of the indictment on the basis of the statute of limitations. Secondly, appellant contests his counsel's failure to submit a "live victim" jury instruction. Neither claim has merit.
 
 
 8
 Appellant has not demonstrated that a motion to dismiss the indictment on the statute of limitations would have been successful. Appellant's argument goes to the strategy of trial counsel, and fails under a Strickland analysis because the statute of limitations was tolled due to appellant's status as a fugitive. Appoloney, 761 F.2d at 525 (granting wide latitude to strategic decisions of counsel accused of ineffective assistance).
 
 
 9
 Title 18 U.S.C. § 3290 provides, "No statute of limitations shall extend to any person fleeing from justice." Under section 3290, the statute of limitations is tolled in instances in which "the accused concealed himself with the intent to avoid arrest or prosecution." United States v. Gonsalves, 675 F.2d 1050, 1052 (9th Cir.), cert. denied, 459 U.S. 837 (1982). The statute of limitations applicable to appellant's crime is five years. 18 U.S.C. § 1201. We affirm the holding of the district court that the statute of limitations was tolled under the circumstances of appellant's case. Aburahmah v. United States, 892 F.Supp. 1282, 1285 (D.Ariz.1995). Under § 3290, the government need only prove appellant's fugitive status by a preponderance of the evidence. Gonsalves, 675 F.2d at 1054. We conclude from the evidence presented that appellant's actions were consistent with those of a fugitive from justice.
 
 
 10
 The ultimate question of whether a defendant was "fleeing from justice" is one that is reviewed de novo. United States v. Fowlie, 24 F.3d 1070, 1072 (9th Cir.1994), cert. denied, 513 U.S. 1086, 115 S.Ct. 742 (1995). We find the record in the case consistent with a finding that appellant was fleeing from justice, such that the statute of limitations was properly tolled. As the Gonsalves case emphasized, "when an accused knowingly secretes himself, even diligent prosecutors may be thwarted from uncovering facts essential to the prosecution." Gonsalves, 675 F.2d at 1052. Under Title 18 U.S.C. § 3290, the statute of limitations will be tolled whenever a suspect flees with the intent of avoiding prosecution, even if prosecution has not actually begun at the time of flight. United States v. Ballesteros-Cordova, 586 F.2d 1321, 1323 (9th Cir.1978). Appellant's intent may be inferred from appellant's conduct. The record supports the conclusion that appellant took "significant affirmative steps to avoid prosecution." Fowlie, 24 F.3d at 1072; United States v. Wazney, 529 F.2d 1287, 1289 (9th Cir.1976) ("It is enough that an accused leaves his usual place of abode and conceals himself for the purpose of avoiding arrest or prosecution").
 
 
 11
 Appellant next charges his trial counsel with ineffective assistance of counsel in submitting jury instructions that did not include a "live-victim" statement. Instructions to a jury are viewed in the context of the entire trial. Appoloney, 761 F.2d at 522. Defense counsel argued strenuously in closing argument to the jury that the government's burden was to prove beyond a reasonable doubt that Emerald was alive at the time that she was transported between Arizona and New Mexico. The conduct of trial counsel undermines appellant's assertion that counsel's performance was deficient, or that appellant suffered prejudice as a result of the allegedly inadequate jury instructions. Faced with arguments similar to those presented here, the lower court held that trial counsel's performance was within the range of acceptable conduct under Strickland. Aburahmah, 892 F.Supp. at 1286. We agree.
 
 
 12
 Examining both the record in this case and the trial judge's familiarity with issues twice presented to him, we determine that there was inadequate evidence to raise a factual issue sufficient to justify an evidentiary hearing. Patel v. United States, 19 F.3d 1231, 1235 (7th Cir.1994) ("[t]he district court need not hold a hearing in every case where the petitioner makes factual allegations"). Accordingly, we conclude that the district court did not abuse its discretion in denying appellant an evidentiary hearing prior to denying the subject § 2255 motion. Blaylock, 20 F.3d at 1464 (this court reviews the evidentiary rulings of the district court for abuse of discretion).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3