**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeffrey A. GREEVER, Defendant–Appellant.**

**No. 96–3953.**

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 20, 1997.

Decided Jan. 20, 1998.

---

Pamela Prude–Smithers (briefed), William D. Branstool, Federal Public Defender's Office, Columbus, OH, for Defendant–Appellant.

Kevin W. Kelley (briefed), Office of the U.S. Attorney, Columbus, OH, for Plaintiff–Appellee.

Before: NELSON, BOGGS, and SILER, Circuit Judges.

## OPINION

SILER, Circuit Judge.

Defendant Jeffrey A. Greever appeals the district court's denial of his motion to dismiss because of the government's failure to indict within the five-year limitations period. As set forth below, we **AFFIRM** the determination of the district court.

### I.

On August 25, 1990, law enforcement officers executed a federal search warrant at 8931 Gale Road, a residence in Hebron, Ohio owned by Jeffrey Michel. The Franklin County Narcotics Task Force obtained the search warrant during an investigation into a marijuana growing operation. Task Force Agent Douglas Fry and other officers executed the search warrant. During their search the agents saw Greever on an outside deck in the rear of the residence. He admitted to the officers that he was a convicted felon and had been firing a Colt pistol. He showed the officers where he had hidden the pistol in a newspaper, but he was not arrested at that time.

Agent Fry later told Special Agent Dan Ozbolt of the United States Bureau of Alcohol, Tobacco, and Firearms ("ATF") about Greever's possession of the firearm. On November 19, 1990, a criminal complaint was filed by Ozbolt, charging Greever with possession of a firearm by a felon pursuant to 18 U.S.C. § 922(g), and an arrest warrant was issued. Because Greever had listed his address as 592 Jenkins Avenue on his driver's license, Ozbolt and other officers went to this address to effect an arrest, but found the house vacant.

In May 1991, a Gallia County, Ohio, sheriff's deputy contacted Agent Ozbolt to inform him that Greever was the owner of a 1978 Buick which was found parked on a road. As a result of this information, Ozbolt learned that in November 1990, defendant had listed 8931 Gale Road as his address on the title to the Buick. Ozbolt and other agents went to the address listed and found Jeffrey Michel but not Greever. Michel told the agents that he had learned in April 1991 of the arrest warrant for Greever, and had asked Greever to leave at that time. Michel later told Ozbolt that he had spoken with either Greever or his father and had indicated that the agents were looking for Greever. Michel also told Ozbolt that he had witnessed Greever identify himself as his brother to police after a fight in a bar because Greever did not want to reveal his true identity for fear of being arrested on the weapons charge.

The government states that, on at least sixteen occasions, Ozbolt ran Greever's name through motor vehicle, driver's license, and criminal history records in all fifty states, and that these records indicated that the last vehicle owned by Greever was the 1978 Buick, and that his only known addresses were 592 Jenkins Avenue and 8931 Gale Road. However, Greever contends that Ozbolt admitted that he was aware that Greever's address listed on two separate criminal history printouts and two separate fingerprint cards was 1332 E. Innis Avenue. The government claims that this information was from 1981 and was too dated to receive much attention.

In December 1995, an ATF search in a new database called Metronet revealed that a Nola and Lonnie Greever lived at 1332 Innis Road with an occupant named Jeffrey Greever. On February 7, 1996, agents established surveillance of this residence and an ATF employee called the residence asking for Jeffrey Greever while pretending to be an old girlfriend. ATF agents then went to the house, found Greever, and arrested him.

Greever told agents that he knew there was a warrant for his arrest, that he had been playing a cat-and-mouse game with agents, and that he had not been able to obtain a driver's license or a job for fear that the agents would find him. He later confirmed that he had identified himself to police as his brother during the incident at the bar because he was afraid he would be arrested. Greever also stated that although he had been contacted by an Assistant United States Attorney about cooperating with the investigation into the marijuana growing operation at the Gale Road address, he refused, choosing to flee rather that face a long prison sentence.

Apparently, Greever had been living with his parents at 1332 E. Innis Avenue since 1989. He worked as a maintenance worker and also helped his parents with yard work and chores. Greever's mother was unaware of the pending warrant. She testified that he was occasionally gone for a day or two, but not for an extended period.

On February 29, 1996, a federal grand jury returned a one-count indictment charging Greever with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Greever moved to dismiss the indictment because the government had obtained the indictment only after the five-year limitations period for the offense had run. The government argued that pursuant to 18 U.S.C. § 3290, Greever was "fleeing from justice" and that this conduct should have tolled the statute of limitations. The district court agreed with the government and refused to dismiss the indictment.

Greever later entered a conditional plea of guilty and received a sentence of five months' incarceration plus supervised release.

## II.

We review the district court's factual findings for clear error, and the district court's conclusions of law are reviewed *de novo*. *United States v. Williams*, 962 F.2d 1218, 1221 (6th Cir.1992).

## III.

Section 3282 of Title 18, U.S.Code, sets out the federal statute of limitations of general application, stating that:

[e]xcept as otherwise expressly provided by law, no person shall be prosecuted,

tried, or punished for any offense not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

Because there is no indication otherwise within the substantive statute, this five-year limitations period applies to violations of 18 U.S.C. § 922(g)(1). The parties do not dispute that Greever committed the crime on August 25, 1990, nor that the federal grand jury returned the indictment on February 29, 1996, nor that this period exceeds five years. However, the parties do dispute whether the indictment should have been dismissed on the basis of this delay. It is the appropriate analysis and application of the tolling provision of 18 U.S.C. § 3290 that is the focus of this appeal.

Section 3290 reads, "[n]o statute of limitations shall extend to any person fleeing from justice." The appropriate definition of "fleeing from justice" is the initial consideration for this court.

It is not entirely clear that there is a conflict between the circuit courts concerning the definition of "fleeing from justice." The cases Greever cites do not lend much support to his position. Both *McGowen v. United States*, 105 F.2d 791 (D.C.Cir.1939), and *King v. United States*, 144 F.2d 729 (8th Cir.1944), held that mere absence from the jurisdiction where the crime was committed was enough to toll the statute of limitations and that the government need not prove intent to avoid prosecution. However, other cases have held, and this court has noted, that "fleeing from justice requires intent to avoid arrest or prosecution rather than mere absence from the jurisdiction." *United States v. Hoffman*, No. 94–6289, 1997 WL 476513, at *4 (6th Cir. Aug. 19, 1997) (citing *United States v. Wazney*, 529 F.2d 1287 (9th Cir.1976); *Jhirad v. Ferrandina*, 486 F.2d 442 (2d Cir.1973);

*Donnell v. United States*, 229 F.2d 560 (5th Cir.1956); *Ferebee v. United States*, 295 F. 850 (4th Cir.1924)).

The more modern and prevalent case law clearly supports the district court's conclusion that the government must prove that the defendant concealed himself with the intent to avoid prosecution. *See United States v. Fowlie*, 24 F.3d 1070 (9th Cir.1994); *United States v. Catino*, 735 F.2d 718, 722 (2d Cir.1984); *United States v. Gonsalves*, 675 F.2d 1050, 1052 (9th Cir.1982); *United States v. Ballesteros–Cordova*, 586 F.2d 1321, 1323 (9th Cir.1978); *Wazney*, 529 F.2d at 1288. This intent can be inferred from the defendant's knowledge that he was wanted and his subsequent failure to submit to an arrest. *Catino*, 735 F.2d at 722; *Gonsalves*, 675 F.2d at 1052; *Ballesteros–Cordova*, 586 F.2d at 1323; *Wazney*, 529 F.2d at 1289. Leaving the jurisdiction might be part of the government's proof of an intent to avoid prosecution but is not a required element. There is nothing in the language of 18 U.S.C. § 3290 that requires the government to prove that the defendant left the jurisdiction. As the Ninth Circuit noted: "[i]n modern and heavily populated districts it is almost as easy to avoid arrest or prosecution by concealing oneself within the district as by fleeing the district." *Wazney*, 529 F.2d at 1289. To require absence from the jurisdiction to toll the statute of limitations would afford those accused of crimes the ability to conceal themselves inside the jurisdiction and wait for the period to run, thereby frustrating the efforts of law enforcement officials and prosecutors.[1]

As noted above, the district court found the following: (1) that Greever knew in April 1991 that he was wanted; (2) that the government had searched for Greever at two locations listed on his driver's license and automobile title but found that he had moved; (3) that the government had entered

---

1. The defendant also argues that there is a requirement that the government prove that law enforcement officers made reasonable efforts to locate him. However, as the district court correctly noted:

> The language of § 3290 and the cases which define "fleeing from justice" do not specifically require proof that law enforcement officers made a reasonable effort to locate the defendant. Rather, the nature and the extent of the

efforts of government agents to locate the defendant is one factor to consider in determining whether it is reasonable to infer from the agent's failure to locate the defendant that the defendant was acting with the intent to avoid arrest or prosecution.

Also, despite the defendant's assertions, it seems that the government did take reasonable steps to locate the defendant.

defendant's name into several databases on at least sixteen occasions; (4) that he had lied to officers about his identity during an incident at a bar; (5) that he was eventually arrested at his parent's home where he had been residing for some time; (6) that he stated that he had not renewed his driver's license or held a job for fear that the agents would be able to find him; (7) that he stated that he had been contacted by an Assistant United States Attorney about cooperating with the marijuana investigation, but refused and decided to run; and, (8) that he admitted to officers that he had been playing a game of cat-and-mouse with police. These facts are not clearly erroneous and should not be disturbed.

The government was required to prove by a preponderance of the evidence that Greever concealed himself with the intent of avoiding prosecution. It meets this burden by demonstrating that Greever knew he was wanted and failed to submit to an arrest. The evidence presented clearly supports the district court's finding that Greever was fleeing from justice. *Wazney*, 529 F.2d at 1289 ("It is enough that an accused leaves his usual place of abode and conceals himself for the purpose of avoiding arrest or prosecution.").

**AFFIRMED.**