**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mohamad MOSTAFA, Defendant–
Appellant.**

**No. 02–50655.**

**D.C. No. CR–00–00058–AHS.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 17, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Ronald L. Cheng, Esq., Los Angeles, CA, Robb C. Adkins, Esq., Santa Ana, CA, for Plaintiff–Appellee.

H. Dean Steward, Esq., San Clemente, CA, for Defendant–Appellant.

Before WARDLAW, BERZON and CLIFTON, Circuit Judges.

## MEMORANDUM **

Mohamad Mostafa appeals his 44–month sentence imposed following a bench trial conviction for conspiracy, in violation of 18 U.S.C. § 371, misbranding food, in violation of 21 U.S.C. §§ 331(k) & 333(a)(2), and trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Mostafa contends that the district court lacks jurisdiction over his case because the indictment was untimely filed under 18 U.S.C. § 3282. The district court properly found the statute of limitations was tolled under 18 U.S.C. § 3290 because Mostafa fled justice by leaving the country. *See United States v. Fowlie,* 24 F.3d 1070, 1072 (9th Cir.1994) (deciding that failure to return to one's home once a defendant learns that he was wanted by police combined with changing place of residence and business is sufficient conduct to toll the statute of limitations under 18 U.S.C. § 3290); *United States v. Wazney,* 529 F.2d 1287, 1289 (9th Cir.1976) (deciding that knowing one is wanted by the police and failing to submit to arrest is sufficient to establish the requisite specific intent under § 3290).

Second, Mostafa contends that the district court erred by imposing a 2–level vulnerable victim enhancement pursuant to U.S.S.G. § 3A1.1. The district court did not clearly err in finding that infants were vulnerable victims in this case. *See* U.S.S.G. § 3A1.1 cmt. n. 2 (defining a vulnerable victim as one who is "unusually vulnerable due to age"); *United States v. Boise,* 916 F.2d 497, 506 (9th Cir.1990) (concluding a six-week old infant is unusually vulnerable due to age); *United States v. Mendoza,* 262 F.3d 957, 960 (9th Cir. 2001) (concluding that the enhancement can apply to groups of vulnerable victims defined by class characteristics).

Finally, Mostafa contends that the district court erred by imposing a 4–level enhancement pursuant to U.S.S.G. § 3B1.1(a) because the criminal enterprise was "otherwise extensive." The district court did not abuse its discretion. *See* U.S.S.G. § 3B1.1(a) cmt. n. 3. (stating that a fraud that involved only three participants but used the unknowing services of many outsiders could be considered extensive); *United States v. Booth,* 309 F.3d 566, 577 (9th Cir.2002) (concluding that the district court did not abuse its discretion in finding that the scheme was otherwise extensive based on the unknowing participation of more than 10 unknowing employees and the scheme's geographical reach).[1]

AFFIRMED.

---

Fed. R.App. P. 34(a)(2). Accordingly, Mostafa's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Mostafa's unopposed motion to withdraw his argument regarding credit for time served in Canada is granted. His motion for in

---

forma pauperis status ("IFP") is denied as unnecessary because the district court granted IFP status on appeal on December 16, 2002.

