**Robert G. BLAKELY, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

No. 2:02–CV–208.

United States District Court, W.D. Michigan, Southern Division.

March 8, 2004.

James A. Riggle, Legal Services of Northern Michigan (Sault St Marie), Sault St. Marie, MI, for plaintiff.

Charles R. Gross, U.S. Attorney, James Santelle, U.S. Attorney, Grand Rapids, MI, for defendant.

## MEMORANDUM OPINION DISAPPROVING REPORT AND RECOMMENDATION

MCKEAGUE, District Judge.

This is an action seeking judicial review of a final decision of the Appeals Council terminating plaintiff's supplemen-

tal security income (SSI). A report and recommendation was issued in this action recommending that the Appeal Council's decision, finding plaintiff ineligible for SSI benefits beginning January of 2000, be affirmed. Plaintiff has filed objections to the report and recommendation.

In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* review of those portions of the report and recommendation to which an objection has been made. Upon thorough review of the record, the Court finds plaintiff's objections to be well-taken. Accordingly, the Court disapproves of the recommendation to affirm the Commissioner's decision. The case is remanded to the Commissioner with instructions to reinstate claimant's benefits effective as of January 2000, the date of suspension.

The facts of this case are not in dispute. On February 4, 1996, plaintiff was involved in a fistfight in Carbon County, Montana. Though the fight was investigated by the police, no arrest was made at that time. At the suggestion of police officers and fearing a threat to himself and his family, plaintiff moved with his two disabled children, to another municipality in Montana, about one hundred miles away, during the first week of March 1996. Subsequently, On March 12, 1996, an arrest warrant was issued for the plaintiff on a charge of aggravated assault, arising out of the fistfight incident. Plaintiff had no knowledge of this warrant and he lived openly at his new residence in Montana for about six months. After six months, he moved back to his home state of Michigan because of job and family considerations.

While living in Michigan, plaintiff finally learned of the existence of the warrant in 1999 as a result of a traffic violation and Montana also became aware of his whereabouts. However, Montana refused to extradite him, even with the assistance of the state of Michigan, because the warrant

provided for extradition from surrounding states only. According to plaintiff, due to ill health and economic hardship, he could not afford to return to Montana but had volunteered to return if Montana will pay for his costs of travel or send a car to pick him up.

The Social Security Administration suspended plaintiff's SSI benefits and determined there had been an overpayment based on plaintiff's status as a fleeing felon. An administrative law judge subsequently held a hearing, requested by plaintiff, on April 25, 2002. The ALJ found that plaintiff was not a fleeing felon, reinstated plaintiff's eligibility for SSI benefits, and reversed the outstanding overpayment. The Appeals Council, on its own motion, reviewed the hearing decision and determined that plaintiff was fleeing to avoid prosecution for a felony within the meaning of the Social Security Act and, as such, was ineligible for SSI benefits beginning January 1, 2000.

Plaintiff then filed an action in this Court seeking reversal of the decision of the Commissioner. After considering the arguments, the magistrate judge concluded in the report and recommendation that the Commissioner's determination that plaintiff was a fleeing felon within the meaning of the statute was reasonable and should be affirmed. Plaintiff filed objections to the report and recommendation, arguing that the decision was based on an unreasonable interpretation of the Social Security Act. Further, plaintiff argued that there was insufficient evidence to support the determination that claimant was a fleeing felon.

The issue in this case presents a novel question challenging a denial of SSI benefits grounded on alleged fleeing-felon status. The provision pursuant to which claimant was denied benefits, enacted as part of the Personal Responsibility and

Work Opportunity Reconciliation Act of 1996, provides in relevant part:

> (4) No person shall be considered an eligible individual ... with respect to any month if during such month the person is-
>
> (A) fleeing to avoid prosecution, or custody or confinement after conviction, under the laws of the place from which the person flees, for a crime, or an attempt to commit a crime, which is a felony ...

42 U.S.C. § 1382(e)(4). Final rules were issued implementing this change. *See* 20 C.F.R. §§ 416.202 and 416.1339. Section 416.202 provides that an individual is eligible for SSI benefits if he is not "fleeing to avoid prosecution for a crime ... which is a felony under the laws of the place from which you flee." Under 20 CFR § 416.1339, an individual is ineligible for SSI benefits for any month during which he is "fleeing to avoid prosecution for a crime ... which is a felony under the laws of the place from which the individual flees."

The Appeals Council determined that neither the law nor the regulation provided specific criteria for the phrase "fleeing to avoid prosecution." The Appeals Council concluded that it was the appropriate tribunal to determine whether the plaintiff was fleeing. Because plaintiff failed to return to Montana to face charges and the warrant remained outstanding, the Council determined that plaintiff was avoiding prosecution for a felony within the meaning of the statute.

Though the Appeals Council failed to sufficiently support its reasoning, it does appear to interpret the fleeing-felon provision as requiring at least some intent to flee from prosecution. As the Appeals Council stated in the decision, "the evidence in this case is sufficient to support a finding that the claimant's intent is to flee from prosecution and that the Commissioner of the Social Security Administration is empowered to so conclude." More importantly for the Court's determination that the Appeals Council construed the statute to require a finding of intent was the Appeals Council's determination that plaintiff became a fleeing felon only after he became aware of the outstanding arrest warrant, rather than when the warrant was issued, three years earlier.

Therefore, the Court assumes for purposes of this decision that fleeing to avoid prosecution in 42 U.S.C. § 1382(e)(4) was construed by the Appeals Council to necessitate a finding of flight with intent to avoid arrest or prosecution. In reviewing the decision, therefore, the Court does not focus on whether the Commissioner of Social Security lacks the competence or authority to determine whether plaintiff is a fleeing felon or whether the statute could be construed so as not to require any intent to avoid prosecution. Instead, the Court focuses solely on the question of whether the Appeals Council's determination that plaintiff intended to avoid prosecution was supported by substantial evidence.

■ The standard of review of the Commissioner's decision is whether the determination made is supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching the conclusion. *Brainard v. Sec'y of Health and Human Services,* 889 F.2d 679, 681 (6th Cir.1989). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 534 (6th Cir.2001).

After a thorough review of the record, the Court is persuaded that the Council's decision finding plaintiff to be a fleeing felon is unsupported by substantial evidence.

Plaintiff contends that the mere existence of an arrest warrant, even coupled with plaintiff's knowledge of that warrant, is insufficient to show flight to avoid prosecution, when plaintiff is financially and physically unable to travel to Montana and Montana refuses to extradite him, even though he has volunteered to return. In other words, plaintiff argues that while one has a duty not to flee or conceal oneself, one does not have the affirmative duty to return, especially when one is unable to do so.

The Appeals Council found sufficient evidence to support plaintiff's intent to flee from prosecution based on the fact that plaintiff was aware of the existence of the warrant and did not voluntarily return to Montana to face charges. In its decision, the Council cited *United States v. Greever,* 134 F.3d 777 (6th Cir.1998) for the notion that the intent to avoid prosecution could be inferred from the fact that defendant in that case knew he was wanted and failed to submit to an arrest. However, the Appeals Council omitted important facts upon which the Sixth Circuit relied in affirming the district court's decision that defendant had concealed himself with the intent to avoid prosecution.

In *Greever,* the Sixth Circuit was interpreting 18 U.S.C. § 3282 which states "no statute of limitations shall extend to any person fleeing from justice." The Sixth Circuit concluded that the case law supported the conclusion that fleeing from justice required an intent to avoid arrest or prosecution. *Greever,* 134 F.3d at 780. *See also Conger v. Barnhart,* 2003 WL 22961219 *8, 2003 U.S. Dist. Lexis 22521 *22–24 (D.Me. Dec. 15, 2003)(noting that substantial evidence supports the administrative law judge's determination that plaintiff was a fleeing felon when plaintiff was issued a criminal complaint and released on personal recognizance but did not appear on the assigned date to answer charges against him and plaintiff subsequently left the state fully aware of the pendency of unresolved criminal charges against him).

In holding that the defendant in *Greever* had in fact been intending to avoid prosecution, the court relied on the following findings made by the district court: (1)the defendant had concealed himself; (2)the government had searched for him to no avail; (3)the defendant had lied to officers about his identity at a bar; (4)the defendant had stated that he had not renewed his driver's license or held a job for fear that the agents would be able to find him; (5)the defendant had admitted to officers that he had been playing a game of cat and mouse with them. *Greever,* 134 F.3d at 780.

■ Unlike the defendant in *Greever,* claimant did not leave Montana aware of the arrest warrant nor did he attempt to conceal himself in any manner. There is no evidence in this case that the government searched for claimant but was unable to locate him. Instead, claimant moved out of town, as suggested by the local authorities. He remained in the state of Montana for six months without any knowledge of an arrest warrant. And even after he did have knowledge of an outstanding arrest warrant, claimant made it clear that he would return but requested help in doing so. Under these circumstances, there is simply not enough evidence, as there was in *Greever* or in *Conger,* to support the conclusion that claimant was fleeing to avoid prosecution.

While the Court recognizes that there likely exists no meaningful distinction between one who leaves a state in an effort to avoid prosecution and one who leaves a state, unaware of any charges outstanding but later becomes aware of such charges and is nonetheless unwilling to return, the facts of this case do not suggest that claim-

ant has declined to return because he is unwilling. This Court does find that a meaningful distinction exists between one who has left but declines to return and one who has left a state, without any knowledge of outstanding charges, volunteers to return but is physically and financially unable to do so without the government's help. Thus, while opposition to extradition or even the situation in which an individual is not faced with the same level of hardship as plaintiff faces here and such individual is able but unwilling to return to the state in which there is an outstanding charge may support a finding of fleeing to avoid prosecution, this Court does not find that based on these facts, substantial evidence supports the Appeals Council's determination that claimant was fleeing with the intent to avoid prosecution.

Additionally, the state of Montana's failure and unwillingness to extradite claimant though he has volunteered to return lends support to this Court's determination that the Appeals Council's decision is unsupported by substantial evidence, particularly when it was police in the state of Montana who initially suggested that claimant depart. In analogous situations involving extradition of an individual from a foreign country to face charges, the government must demonstrate due diligence in seeking that individual's return. *See United States v. Diacolios,* 837 F.2d 79, 84 (2nd Cir.1988)(holding that while the speedy trial clause does not prevent the government from adhering to its general policy not to seek extradition outside the extradition treaty with a foreign country, if the defendant did express a willingness to surrender himself to appropriate authorities, the government would be under an obligation to provide transportation to the United States at the government's expense if defendant's financial circumstances so warrant).

While this Court does not suggest that in order to warrant a finding of fleeing to avoid prosecution, the Commissioner must determine that the government has pursued the claimant or that the state must always provide extradition, the facts of this case simply do not provide adequate support for the Commissioner's determination. Due to plaintiff's inability to drive for longer than 15 minutes without a break, as his uncontradicted testimony showed, coupled with plaintiff's financial circumstances, this Court does not find that claimant's inability to return to Montana results in a supportable determination that he is a fleeing felon.

Accordingly, the Commissioner's decision is reversed and the case is remanded to the Commissioner with instructions to reinstate the benefits. A judgment order consistent with this opinion shall issue forthwith.

### ORDER

In accordance with the Court's memorandum opinion filed this date,

**IT IS HEREBY ORDERED** that the magistrate judge's report and recommendation is **DISAPPROVED**; and

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security, terminating plaintiff Robert G. Blakely's application for supplemental security income, is **REMANDED** with instructions to reinstate benefits as of January 2000.

### REPORT AND RECOMMENDATION

GREELEY, United States Magistrate Judge.

Plaintiff Robert G. Blakely was the recipient of supplemental security income (SSI) benefits until those benefits were terminated as a result of a decision of the Appeals Council on October 21, 2002. The

Appeals Council determined that plaintiff was a fleeing felon and as such was ineligible for supplemental security income benefits beginning January of 2000. Following the decision by the Appeals Council, plaintiff filed this action seeking an order from this Court reversing the decision of the Commissioner. The parties have briefed the issue and the matter is ready for a decision.

The facts of this case are not in dispute. In February of 1996, plaintiff was involved in a fight in Carbon County, Montana. *See* Transcript of Administrative Proceedings at pages 31, 79 (hereinafter Tr. at _____). Plaintiff was not arrested at the time of the incident, but a little over a month later, in March of 1996, an arrest warrant was issued for plaintiff, charging him with the felony of aggravated assault. Tr. at 60. At about the time the felony warrant was issued, plaintiff moved a considerable distance away in Montana. Plaintiff continued to live in Montana until October of 1996, when he moved to the State of Michigan. The unrebutted testimony of plaintiff is that he moved to Michigan because his health was deteriorating and he wanted to be nearer to his family. Tr. at 33. Plaintiff first became aware of the outstanding felony warrant in July of 1999, during a routine traffic violation stop. In October of 1999, plaintiff was arrested for driving on a suspended license and was again made aware of the outstanding felony warrant. The warrant issued by the State of Montana does not provide for extradition from Michigan. Plaintiff has been informed that the Montana arrest warrant provided for extradition from surrounding states and that plaintiff would have to voluntarily return to Montana to resolve the outstanding felony warrant. Tr. at 44–82. According to plaintiff, he cannot afford to go back to Montana and has volunteered to Montana authorities to return to Montana if they will pay the costs of his travel.

The record establishes that there is an outstanding felony warrant for plaintiff's arrest in Montana. Plaintiff is aware of this outstanding warrant and has not returned to Montana. The Social Security Administration suspended plaintiff's SSI benefits and determined that there had been an overpayment based on plaintiff's status as a fleeing felon. Tr. at 47–50, 58. Plaintiff requested reconsideration of the decision, which was denied. Thereafter, plaintiff requested a hearing before an administrative law judge (ALJ), which was held on April 25, 2002. Tr. at 27–46. On May 6, 2002, the ALJ found that plaintiff was not a fleeing felon and reinstated plaintiff's eligibility for SSI benefits. The ALJ also reversed the outstanding overpayment. Tr. at 16–18. Subsequently, the Appeals Council, on its own motion, under the authority of 20 CFR §§ 416.1469 and 416.1470, reviewed the hearing decision under the error of law provision. The Appeals Council determined that plaintiff was fleeing to avoid prosecution for a felony within the meaning of the Social Security Act and, as such, was therefore ineligible for SSI benefits beginning January 1, 2000.

The issue presented in this case is a novel legal question. I have been unable to find any decisions directly on point. In deciding that plaintiff was a fleeing felon, the Appeals Council relied upon the Social Security Act and various regulations. The Appeals Council explained:

> Section 1611(e)(4) of the Social Security Act provides that no person shall be considered an eligible individual or eligible spouse for purposes of this title with respect to any month if during such month the person is -
>
> (A) fleeing to avoid prosecution, or custody or confinement after conviction under the laws of the place from which the person flees, for a crime, or

an attempt to commit a crime, which is a felony under the laws of the place from which the person flees, or which, in the case of the State of New Jersey, is a high misdemeanor under the laws of such state; or

(B) violating a condition of probation or parole imposed under Federal or State law.

20 CFR 416.1339 provides for suspension due to flight to avoid criminal prosecution or custody or confinement after conviction, or due to violation of a condition for parole.

(a) Basis for suspension. An individual is ineligible for SSI benefits for any month during which he or she is-

(1) Fleeing to avoid prosecution for a crime, or an attempt to commit a crime, which is a felony under the laws of the place from which the individual flees (or which, in the case of the State of New Jersey, is a high misdemeanor under the laws of the that State); or

(2) Fleeing to avoid custody or confinement after conviction for a crime, or an attempt to commit a crime, which is a felony under the laws of the place· from which the person flees (or which, in the case of the State of New Jersey, is a high misdemeanor under the laws of the such State); or

(3) Violating a condition of probation or parole imposed under Federal or State law.

(b) Suspension effective date.

(1) Suspension of benefit payments because an individual is a fugitive as described in paragraph (a)(1) or (a)(2) of this section or a probation or parole violator as described in paragraph (a)(3) of this section is effective with the first day of whichever of the following months is earlier-

(i) The month in which a warrant or order for the individual's arrest or apprehension, an order requiring the individual's appearance before a court or other tribunal (e.g., a parole board), or similar order is issued by a court or other duly authorized tribunal on the basis of an appropriate finding that the individual-

(A) Is fleeing, or has fled, to avoid prosecution as described in paragraph (a)(1) of this section;

(B) Is fleeing, or has fled, to avoid custody or confinement after conviction· as described in paragraph(a)(2) of this section;

(C) Is violating, or has violated, a condition of his or her probation or parole as described in paragraph (a)(3) of this section;

(ii) The first month during which the individual fled to avoid such prosecution, fled to avoid such custody or confinement after conviction, or violated a condition of his or her probation or parole, if indicated in such warrant or order, or in a decision by a court or other appropriate tribunal.

(2) An individual will not be considered to be eligible for SSI benefits and benefit payments will not be suspended under this section or any month prior to August 1996.

(c) Resumption of payments. If benefits are otherwise payable, they will be resumed with the first month throughout which the individual is determined to be no longer fleeing to avoid such prosecution, fleeing to avoid such custody or confinement after conviction, or violating a condition of his or her probation or parole.

\*    \*    \*    \*    \*    \*

To assist in deciding if the claimant is a fleeing felon pursuant to this provision, the Council has considered the responses to the public's questions contained within the preamble to the final published regulations (Federal Register: June 30, 2000 (Volume 65, Number 127, Pages 40492–40496)):

1. Regarding when an individual would be considered to be "fleeing prosecution for a crime":

Prosecution of an individual includes all steps necessary to reach a judicial determination of guilt or innocence beginning the day the information, criminal complaint or petition is filed with the proper authorities and a warrant is issued. This occurs when law enforcement personnel present evidence to a judge or magistrate that convinces him or her that it is reasonably likely that a crime has taken place and that the individual is criminally responsible for that crime.

2. Regarding whether or not an individual must be aware that he or she has been indicted for an alleged criminal act:

We have no way of determining whether or not an individual is aware that he or she is wanted for a criminal offense and is knowingly fleeing from prosecution. We must rely on official reports and other similar determinations from various law enforcement agencies that an individual is fleeing to avoid prosecution.

3. Regarding the plain meaning of the Act:

Congress did not provide exceptions to this rule based on the nature of the originating crime or the State's reluctance to extradite the individual. We believed the legislation was passed to purposely prohibit the expenditure of Federal funds to aid those who are violating the law.

Tr. at 7–10.

Neither party disputes that a fleeing felon is not entitled to receive social security benefits. The dispute is whether or not plaintiff is a fleeing felon. The Social Security Act confers upon the Commissioner general authority to "make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions." 42 U.S.C. § 405(a). This provision applies in SSI cases. 42 U.S.C. § 1383(d)(1). Furthermore, the Commissioner's reasonable interpretation of its statute is binding unless it is contrary to the plain language of the statute. *See Reiter v. Cooper*, 507 U.S. 258, 113 S.Ct. 1213, 122 L.Ed.2d 604 (1993). The Commissioner has referred the Court to a section of the Congressional Record which establishes that the intent of this legislation was to make sure tax payers did not subsidize a fugitive's freedom. *See* 141 Cong. Rec. H3581–07 at 3618–19, quoted in the Commissioner's brief at pages 8–9.

It is my opinion that the Commissioner's interpretation of this statute to find the plaintiff a fleeing felon is a reasonable interpretation. Therefore the decision of the Commissioner should be affirmed. The record establishes that plaintiff became aware of the outstanding felony warrant in July of 1999. Plaintiff has not gone back to Montana to clear up this warrant. Plaintiff's fugitive status is being assisted by taxpayer dollars. Allowing plaintiff to continue receiving SSI benefits under the present circumstances is tantamount to encouraging plaintiff to remain a fugitive and not return to Montana to resolve the outstanding warrant. In my opinion, once plaintiff became aware of the outstanding felony warrant, and did not return to Mon-

tana, he became a fleeing felon. *See, generally, Conger v. Barnhart,* 2003 WL 22961219 (D.Me. December 15, 2003), a copy of which is attached. Accordingly, it is respectfully recommended that the decision of the Commissioner, finding plaintiff ineligible for SSI benefits beginning January of 2000, be affirmed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R.Civ.P. 72(b); W.D. Mich. LCivR 72.3. Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters,* 638 F.2d 947 (6th Cir.1981). *See also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

January 29, 2004.