**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Steven BORG, Defendant–Appellant.**

**No. 07–10392.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2008.

Filed April 28, 2008.

Louis A. Bracco, AUSA, USH–Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Matthew C. Winter, Esq., FPDHI–Federal Public Defender's Office, Honolulu, HI, for Plaintiff–Appellee/Defendant–Appellant.

Before: KOZINSKI, Chief Judge, TASHIMA, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Steven Borg appeals from his jury-trial conviction for possessing a firearm while a

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fugitive from justice, in violation of 18 U.S.C. § 922(g)(2). We affirm.

Borg contends that his Confrontation Clause rights were violated by the admission of a transcript of a bench warrant proceeding. This contention fails because this exhibit was cumulative of other properly admitted evidence, including the bench warrant itself; thus, any error was harmless. *See United States v. Monaco,* 735 F.2d 1173, 1178 (9th Cir.1984).

Borg's evidentiary challenges to the admissibility of various trial exhibits and testimony under the Federal Rules of Evidence lack merit. Much of this evidence was properly admitted, and to the extent there was error, it was harmless. *See United States v. Talley,* 790 F.2d 1468, 1470 (9th Cir.1986); *see also United States v. Gonzalez–Flores,* 418 F.3d 1093, 1100 (9th Cir.2005).

In addition, the district court did not abuse its discretion in rejecting Borg's proposed jury instructions concerning "active concealment" because those instructions were not legally supported. *See United States v. Wazney,* 529 F.2d 1287, 1289 (9th Cir.1976); *see also United States v. Powell,* 955 F.2d 1206, 1210 (9th Cir. 1991); Ninth Cir. Model Jury Instruction 8.44 (defining the term "fugitive from justice" for purposes of 18 U.S.C. § 922(g)).

We also reject Borg's argument that the prosecutor committed misconduct during the closing arguments that violated Borg's due process rights. Nothing Borg alleges "materially affected the fairness of the trial." *United States v. Cabrera,* 201 F.3d 1243, 1246 (9th Cir.2000).

Finally, we reject Borg's contention that the cumulative impact of the trial errors requires remand. *Cf. United States v. Frederick,* 78 F.3d 1370, 1381 (9th Cir. 1996) (finding cumulative error where "the evidence against the defendant was not overwhelming and ... the case was a close one").

**AFFIRMED.**