HELENE N. WHITE, Circuit Judge,
concurring in the judgment.
I agree that Article 7 does not incorporate the Sixth Amendment right to a speedy trial, but cannot join in the majority’s textual analysis.
As the principal dissent observes, the phrase “barred by lapse of time according to the laws of the requesting or requested Party” does not clearly exclude the speedy-trial right. The majority reads Article 7 to apply only to fixed-time limitations, Maj. Op. 457-58, but this conclusion does not follow from the text alone. True, the determination whether prosecution violates a defendant’s speedy-trial right requires consideration of factors other than the mere lapse of time, but the statute-of-limitations defense may involve consider *471 ation of other factors as well. For example, federal statutes of limitation are tolled if the defendant is “fleeing from justice,” 18 U.S.C. § 3290, which requires the government “to prove by a preponderance of the evidence that [the defendant] concealed himself with the intent of avoiding prosecution,” United States v. Greever, 134 F.3d 777, 781 (6th Cir. 1998), and Tennessee statutes of limitation are tolled if the defendant “conceals the fact of the crime” or “was not usually and publicly resident within the state.” Tenn. Code Ann. § 40-2-103. Thus, the statute-of-limitations analysis does not always involve simply “pointing to a calendar and counting off the days,” Maj. Op. 458, and cannot be distinguished from the speedy-trial inquiry on that basis. In any event, the speedy-trial right is fundamentally a protection against undue prosecutorial delay, which is, essentially, a lapse of time. Barker v. Wingo, 407 U.S. 514, 519-22, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
The majority also contends that the speedy-trial right does not bar “prosecution” because the right operates after indictment or its equivalent. Maj. Op. 458-59. But a violation of the right requires dismissal, and thus bars “the prosecution or the enforcement of the penalty.” Indeed, it is unclear whether the majority would hold that the provision of the Oaxa-can statute of limitations that addresses post-arraignment and post-verdict delay is applicable under the “lapse of time” clause, Dis. Op. 482, or whether it too fails to fall within the meaning of the phrase.
Nevertheless, I agree with the majority that the history and context of the Treaty — particularly the transmittal materials and the meaning given the identical phrase in other treaties — persuasively support the conclusion that Article 7 does not incorporate the speedy-trial right.[1]
DISSENT

. The absence of a change to the Spanish-language version of the new treaty also supports the conclusion that the change of language in the English-language version was not intended to incorporate the speedy-trial right.